# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

 v.                 Case No. 07-CR-2

**STEVEN JAGEMANN**
  **Defendant.**

## ORDER

  Defendant Steven Jagemann appeals from the magistrate judge's order detaining him pending the final hearing in this probation revocation matter. My review, pursuant to 18 U.S.C. § 3145(b), is de novo. E.g., United States v. Jones, 804 F. Supp. 1081, 1086 (S.D. Ind.1992). Defendant does not request a de novo hearing, so I will decide the motion based on the record. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991) (stating that the reviewing district judge may "start from scratch" and hold a new hearing or review the record of the proceedings before the magistrate judge).

  Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a), a defendant charged with a violation of probation bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to the community if released. Defendant proposes release on $25,000 to $50,000 cash bail, with conditions requiring that he reside with his wife and children in the family home under electronic monitoring and supervised by pre-trial services. He further states that he has no history of violence and has made all previous court appearances. Defendant's suggested conditions may be sufficient to ensure his appearance in court, but they fail to address the danger he poses to the community.

In this case, defendant pleaded guilty to attempted possession of cocaine with intent to distribute, and on August 7, 2007, I placed him on probation for three years with various conditions, including a period of home detention on electronic monitoring. According to the probation revocation petition filed on March 26, 2009, on March 25, 2009, defendant was arrested on charges of operating a drug house and in possession of marijuana, mushrooms, two firearms and 4000 rounds of ammunition. On April 14, 2009, the government obtained a four-count indictment charging defendant with manufacturing 100 or more marijuana plants, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), maintaining a drug house, 21 U.S.C. § 856(a)(1), possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) & (b)(1)(D), and felon in possession of firearms and ammunition, 18 U.S.C. § 922(g)(1). On April 21, 2009, the magistrate judge held a preliminary hearing and, based on the new indictment and the testimony of the probation officer, found probable cause that defendant violated the conditions of supervision.[1]

Given the grand jury and the magistrate judge's findings of probable cause that defendant engaged in further drug trafficking, while on probation for a controlled substances offense, I cannot conclude that defendant has shown that there are conditions that will ensure the safety of the community. "[T]he continued sale of drugs is itself dangerous; the statute does not limit 'danger to . . . the community' to the threat of violence." United States v. Manso-Portes, 838 F.2d 889, 890 (7th Cir. 1987).[2]

---

[1] At the same hearing, the magistrate judge also ordered defendant detained on the new charges, which give rise to a presumption of detention under 18 U.S.C. § 3142(e)(3).

[2] Defendant's claim that he has no history of violence is not entirely accurate. He was convicted of a municipal battery in 1993. (PSR ¶ 26.) He also has a disorderly conduct conviction from 2003. (PSR ¶ 27.)

**THEREFORE, IT IS ORDERED** that the detention order is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2009.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge